ALBANY,
Feb. 1828.

Williams
v.
Crary.

*J. WILLIAMS *against* CRARY, surviving executor of MARY
WILLIAMS, deceased.(a)

A general bequest of a sum of money to a debtor, equal to, or exceeding the debt due, tho' it stand in an unliquidated account, is a satisfaction, if it appear either on the face of the will, or by evidence *aliunde*, to be so intended. Thus, where W. owas indebted to the testatrix on bond and mortgage, $4,000; and the testatrix owed him on account less than $2,400, and she declared by her will, that on W.'s paying $1,600, the bond and mortgage should be discharged, which was done accordingly, and it appeared by conversations between W. and the testatrix, that she intended the bequest should go to discharge the debt due to W.; *held*, that it operated as a payment. Parol evidence, to show the intent of the testatrix, was held not to be objectionable as going to vary or contradict the will; but to be consistent with it.

ON motion, in behalf of the defendant, to set aside the report of referees, which was 470 dollars and 90 cents in favor of the plaintiff. The material facts are stated in the opinion of the court.

*J. Crary*, for the motion, insisted that the legacy given by the defendant's testatrix to the plaintiff, accompanied with the facts proved, by parol, operated as a satisfaction of the plaintiff's account, though it was unliquidated.

*S. Stevens*, contra, said the intention to satisfy the plaintiff's demands by the legacy, should appear upon the face of the will, and could not be shown by parol. (2 Fonbl. Eq. B. 4, pt. 1, ch. 1, s. 5, and the cases there cited.)

*Curia, per* WOODWORTH, J. This action was commenced to recover the amount of an unliquidated account against the testatrix. It appears that she died on the 19th day of August, 1819, at which time the balance is stated at $1852 88, in favor of the plaintiff, besides interest. The account commenced in February, 1807. On some of the items, interest was allowable; but it is not material to make an exact statement, inasmuch as, upon any calculation of interest, it will appear that the demand has been paid. At the death of the testatrix, the sum due was less than $2,400. From an examination of the case, I think the plaintiff established his demand satisfactorily, and would be entitled to recover, unless the facts proved at the hearing, operate as an extinguishment.

Mrs. Williams, the testatrix, held a bond and mortgage against the plaintiff, on which there was due, at the time

(a) 5 Cowen, 358, S. C.

of her death, $4,000. By her last will and testament, executed *on the 21st of April, 1819, she bequeathed as follows: "Whenever Col. John Williams of Salem," (the plaintiff,) "shall pay to my executors the sum of sixteen hundred dollars, then I order and direct, that my said executors shall cause satisfaction to be entered of record of the mortgage which I hold against the said William; and the bond accompanying the same to be cancelled and given up to him."

The plaintiff has availed himself of this bequest, the effect of which was, to leave $2400 in his hands. Had it been intended as a donation, it is highly probable that some intimation to that effect would have been given in the will itself. The question then arises, for what purpose was this bequest made? Evidence to show the intent of the testatrix is not objectionable, on the ground of varying or contradicting any of the provisions of the will. Such evidence goes to explanations independent of the will, respecting a state of facts about which it is silent. Both parties must so have considered the evidence at the hearing. The plaintiff, it seems, expected that the bond and mortgage would have been wholly cancelled; and that the testatrix would have so directed. But, by the evidence offered on his part, it appears manifest that a donation was not in view. Conversations at different times took place between the testatrix and the plaintiff, during her last sickness, on the subject of the bond and his account. One witness testified that Mrs. Williams observed she was a great trouble to the plaintiff; but would leave him enough to pay him for his trouble with her. Another witness testified that she frequently heard the plaintiff and Mrs. Williams, during her last sickness, talking together about a settlement. After her return from New-York, when the plaintiff spoke to her on the subject, she said there was a bond which she held against him, which, on her death, would be given up to him. That would satisfy him for his trouble and expense. That no arrangement or settlement would be necessary. That at her death he would be satisfied.

*The witness further testified, that she understood Mrs.

ALBANY,   Williams to say, that after her death, there should nothing
Feb. 1828.  be required of the plaintiff on the bond.   The plaintiff
Williams   asked her to give it up to him.   Mrs. Williams replied it
   v.      would make no difference.   It would be given up after
Crary.     her death; that she had made her arrangements, and did
not wish to alter them.

From this testimony, it is apparent that the debt due
from the plaintiff to the testatrix, was the source or fund
to be applied to the payment and discharge of the plain-
tiff's account.   Both parties so understood it.   If Mrs.
Williams did, in fact, promise that the bond and mortgage
should be given up, without paying any part of it, then,
indeed, she has disappointed the expectations of the plain-
tiff; but that does not affect the question under consider-
ation.   The promise, if made, was not legally obligatory.
Applying so much of the bond as would satisfy the amount,
was a just arrangement; and all that the plaintiff had a
right to require.   If no mention of the bond had been
contained in the will, the plaintiff had the right of set off
to the amount of his account, against the bond and
mortgage; but nothing more.   He was bound to pay
the balance.   Any assurance of giving more of the bond
than would satisfy the plaintiff's debt was gratuitous.   It
would be more than justice required.   Besides, it may well
be doubted, whether the witness, who says she understood
that nothing was to be required on the bond, was not mis-
taken as to the precise expression of Mrs. Williams; for the
communication attested to, took place after the will was
made, and shortly before her death, she having by that
will directed $1600 to be paid.   The mind is reluctant to
believe that the testatrix, then *in extremis*, without an os-
tensible object, intended to deceive the plaintiff.   How-
ever, be that as it may, the question here is, whether the
relinquishment of $2400 due on the bond and mortgage,
was an appropriation of so much to satisfy the plaintiff?
Of this, there can be no doubt; for, in the several conversa-
tions, the testatrix always referred to the bond, as the
source whence the plaintiff was to be satisfied.   She has,
[*249]      *in substance, directed that $2400, parcel of $4000, remain-

ing in the plaintiff's hands, be applied to his demand, and the remainder to be paid to her executors. This has been done. When the plaintiff afterwards prosecutes for this very demand, I do not perceive any objection to the application of the sum thus extinguished, by way of set off. If the plaintiff's debt had exceeded the sum left in his hands, he would be entitled to recover for the excess, but nothing more. No doubt the testatrix so understood it, and guarded against such a contingency by appropriating a sum deeemed more than sufficient to answer the purpose. The event has shown that $2400 is more than the plaintiff is entitled to claim, or does claim, even if interest be calculated on each item.

The result, then, is, that ample provision was made by the testatrix, which has been applied. The plaintiff has been fully paid, and has no right to recover.

The report of the referees must be set aside, the costs to abide the event.

Motion granted.